IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SHELBOURNE NORTH WATER STREET, L.P.,<br><br>Alleged Debtor. | Chapter 11<br><br>Case No. 13-[   ] ([   ]) |

## DECLARATION OF RICHARD O'TOOLE
## ON BEHALF OF RMW ACQUISITION COMPANY, LLC
## IN SUPPORT OF INVOLUNTARY PETITION

I, Richard O'Toole, hereby declare as follows:

1. I am over the age of eighteen, competent, and authorized in all respects to make this Declaration on behalf of RMW Acquisition Company, LLC ("RMW") in support of the involuntary petition for relief filed by the Petitioning Creditors[1] contemporaneously herewith (the "Petition") against Shelbourne North Water Street, L.P. (the "Alleged Debtor"). Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, work done by me or others under my supervision and direction, my opinion, and my business experience. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

2. I am an executive vice president of The Related Companies, L.P. ("Related") and a member of the investment committee of Related Real Estate Recovery Fund, LP. RMW is a limited liability company and is an affiliate of Related. I am also a vice president of RMW.

---

[1] The Petitioning Creditors are RMW Acquisition Company, LLC ("RMW"), RMW CLP Acquisitions LLC ("RMW CLP"), Thornton Tomasetti, Inc., and Cosentini Associates.

{00139367.DOC; 1}

3.  The Alleged Debtor is a Delaware limited partnership formed on July 14, 2006[2] that owns an approximate 2.2 acre property located at the address commonly known as 400 East North Water Street, Chicago Illinois (the "Mortgaged Property").[3]

## The Loan

4.  To facilitate the purchase of the Mortgaged Property, the Alleged Debtor entered into a *Facility Letter*, dated as of July 18, 2006, by and among the Alleged Debtor as borrower, and Anglo Irish Bank Corporation Limited, formerly known as Anglo Irish Bank Corporation plc as Lender (the "Lender"), by which the Alleged Debtor initially borrowed the aggregate principal amount of $54.5 million from Lender. The initial loan was ultimately increased to the aggregate principal amount of $69.5 million (together plus applicable interest, costs, and other charges under the Facility Letter and associated documents, the "Loan") pursuant to the *Third Amendment to the Facility Letter*, dated September 11, 2008 (as was amended, restated, modified, or supplemented from time to time, the "Facility Letter").

5.  Pursuant to the Facility Letter, the Lender's extension of the Loan was evidenced by a promissory note (as amended and restated, the "Note"). The Loan is secured by, among other things, a first lien *First Amendment to Mortgage and Security Agreement* dated as of September 11, 2008, recorded in the Office of the Cook County, Illinois, Recorder of Deeds on September 11, 2008 as Document No. 0825503092 (the "Mortgage").[4] The Loan is further

---

[2] The Alleged Debtor's General Partner is Shelbourne North Water Management, LLC and its Limited Partner is Garrett E. Kelleher.

[3] The property index numbers of the Mortgaged Property are: 17-10-221-007-0000, 17-10-221-012-0000, 17-10-221-014-0000, 17-10-221-072-0000, and 17-10-221-073-0000.

[4] The Mortgage amended the *Mortgage and Security Agreement*, dated as of July 20, 2006, which was recorded in the Office of the Cook County, Illinois, Recorder of Deeds on July 31, 2006 as Document No. 0621243299.

2

secured by a *Collateral Assignment and Security Agreement* in contracts, licenses, and permits dated as of "July __ 2006." The Facility Letter, the Note, the Mortgage, and all other documents, financing statements and instruments securing or evidencing the Loan are hereinafter collectively referred to as the "Loan Documents."

6. The Loan, evidenced and secured by the Loan Documents, matured and became due on October 2, 2009, and the Alleged Debtor became in default under the Loan Documents thereafter. The Alleged Debtor is obligated to Lender under the Loan in the principal amount of $69,500,000 plus interest, advances, fees and other charges in accordance with the Loan Documents.

7. On April 21, 2010, the Alleged Debtor and Lender entered into a *Forbearance Agreement* (the "Forbearance Agreement"), whereby the Alleged Debtor acknowledged that it was in default on the Loan and unconditionally obligated to pay the Loan in the principal amount of $69,500,000 plus interest, advances, fees and other charges, totaling, at that time, an amount not less than $74,487,326.42. The Forbearance Agreement also effectively extended the term of the Loan until September 30, 2010. At that time, the Alleged Debtor was in default under the Loan Documents.[5]

## The Assignment and Involuntary Petition

8. On or about June 13, 2013, the National Asset Loan Management Limited ("NALM"), as successor in interest to Lender,[6] assigned the Loan and Loan Documents to

---

[5] Foreclosure proceedings in Illinois state court against the Alleged Debtor and the Property have been pending since June 30, 2010.

[6] In accordance with Irish law, the Loan was transferred to NALM as part of Lender's own liquidation proceedings.

3

RMW. Documents evidencing the transfer of the Loan Documents from NALM to RMW are attached hereto as **Exhibit A**. The Loan and Loan Documents were not acquired by RMW for the purpose of filing the Petition and initiating an involuntary bankruptcy against the Alleged Debtor.

9. As of September 30, 2013, the Alleged Debtor is indebted to RMW in the principal amount of $69,500,000 (together plus applicable interest, advances, fees, and other charges under the Facility Letter and Loan Documents).

10. On October 9, 2013 the Petitioning Creditors filed the Petition against the Alleged Debtor and contemporaneously therewith RMW filed a partial waiver of its security interest up to the amount, and not to exceed, $15,000.

11. It is the intention of RMW, subject to prior court approval -- either alone or with the joinder of other creditors -- to file, fund and seek confirmation of a plan of reorganization under Chapter 11 of the Bankruptcy Code for the benefit of the creditors of this estate.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:   October 9, 2013

_____
Richard O'Toole

## EXHIBIT A

## EXHIBIT A

## ASSIGNMENT AND ASSUMPTION OF LOAN DOCUMENTS

NATIONAL ASSET LOAN MANAGEMENT LIMITED, an Irish corporation and NAMA group entity for the purposes of the National Asset Management Agency Act, 2009 ("**Assignor**"), whose address is c/o NAMA, Grand Canal Street, Dublin 2, Ireland, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, hereby assigns, transfers, sets over and conveys to RMW ACQUISITION COMPANY, LLC, a Delaware limited liability company ("**Assignee**"), whose address is c/o Related Midwest LLC, 350 West Hubbard Street, Suite 300, Chicago, Illinois 60654, all of Assignor's right, title and interest in and to the Loan and the Loan Documents described on **Schedule "A"** attached hereto ("**Loan Documents**") and incorporated herein, as each may have been assigned, amended, supplemented, restated or modified.

**TO HAVE AND TO HOLD** the same unto Assignee and to the successors and assigns of Assignee forever.

This Assignment is made without recourse or representation or warranty, express, implied or by operation of law, of any kind and nature whatsoever.

This is Assignment is given subject to the terms and conditions as set forth the Loan Purchase and Sale Agreement between Assignor, as Seller, and Assignee, as Purchaser, dated as of June 13, 2013 (the "**Loan Purchase Agreement**").

Assignee hereby assumes the Loan Documents and agrees to be bound by the terms of the Loan Documents applicable to the lender thereunder and to assume all the obligations of "Lender" thereunder to the extent first arising after the Closing Date (as defined in the Loan Purchase Agreement), including, without limitation, loan administration and servicing obligations. Assignee accepts all risks of collection, authenticity, and enforceability of the documents other than as expressly set forth in the Loan Purchase Agreement. Assignee hereby agrees to indemnify and hold Assignor harmless as provided in the Loan Purchase Agreement.

[THE REMAINDER OF THIS PAGE WAS LEFT BLANK INTENTIONALLY]

**IN WITNESS WHEREOF**, Assignor and Assignee have duly executed this Assignment as of ___JUNE 27___, 2013.

ASSIGNOR:

NATIONAL ASSET LOAN MANAGEMENT LIMITED, an Irish corporation and NAMA group entity for the purposes of the National Asset Management Agency Act, 2009

By: _____
Name: _____ BRENDAN SMYTH
Title: _____ Authorised Signatory

*APPROVED FOR EXECUTION*

ASSIGNEE:

RMW ACQUISITION COMPANY, LLC, a Delaware limited liability company

By: _____
Name: _____
Title: _____

[Acknowledgments On Next Page]

QB\146754.00005\21572327.1              2

IN WITNESS WHEREOF, Assignor and Assignee have duly executed this Assignment as of June 27, 2013.

ASSIGNOR:

NATIONAL ASSET LOAN MANAGEMENT LIMITED, an Irish corporation and NAMA group entity for the purposes of the National Asset Management Agency Act, 2009

By: _____
Name: _____
Title: _____

ASSIGNEE:

RMW ACQUISITION COMPANY, LLC, a Delaware limited liability company

By: _____
Name: *Curt R. Bailey*
Title: *Authorized Signatory*

[Acknowledgments On Next Page]

ACKNOWLEDGMENT OF ASSIGNOR

COUNTY OF DUBLIN, IRELAND

I, the undersigned, a Notary Public in and for said County, DO HEREBY CERTIFY, that BRENDAN SMYTH, the AUTHORISED SIGNATORY, of NATIONAL ASSET LOAN MANAGEMENT LIMITED, the Assignor in the foregoing instruments, and personally known or identified to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that they signed and delivered said instrument in his/her authorized capacity, and that he/she delivered the said instrument as his/her free and voluntary act, and as the free and voluntary act of NATIONAL ASSET MANAGEMENT AGENCY, for the uses and purposes therein set forth.

Given under my hand and Notarial Seal this 14th day of JUNE, 2013.

By: _____  [SEAL]
     Notary Public

**John Redmond**
6 Clanwilliam Terrace
Grand Canal Quay, Dublin 2
Notary Public for the County & City of Dublin
and for the Counties of Wicklow Kildare & Meath
Commissioned for Life



QB\146754.00005\21572327.1

| APOSTILLE | |
|---|---|
| (Convention de La Haye du 5 octobre 1961) | |
| 1. Country: Pays/País: | IRELAND |
| This public document Le présent acte public / El presente documento público | |
| 2. has been signed by a été signé par ha sido firmado por | JOHN REDMOND |
| 3. acting in the capacity of agissant en qualité de quien actúa en calidad de | Notary Public |
| 4. bears the seal / stamp of est revêtu du sceau / timbre de y está revestido del sello / timbre de | ---------- |
| Certified Attesté / Certificado | |
| 5. at à / en | Dublin |
| 6. the le / el día | 14/06/2013 |
| 7. by par / por | Department of Foreign Affairs and Trade |
| 8. No sous no bajo el número | 8838772013 |
| 9. Seal/stamp: Sceau/ Sello | 10. Signature: Signature: Firma: |

## ACKNOWLEDGMENT OF ASSIGNEE

STATE OF __Illinois__ )
                            ) ss
COUNTY OF __Cook__ )

I, the undersigned, a Notary Public in and for said County, DO HEREBY CERTIFY, that __Curt Bailey__, the __President__, of RMW ACQUISITION COMPANY, LLC, a Delaware limited liability company, the Assignee in the foregoing instruments, and personally known or identified to me to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that they signed and delivered said instrument in his/her authorized capacity, and that he/she delivered the said instrument as his/her free and voluntary act, and as the free and voluntary act of _____, for the uses and purposes therein set forth.

Given under my hand and Notarial Seal this __27th__ day of __June__, 2013.

By: _____ [SEAL]
     Notary Public

OFFICIAL SEAL
JACALYN M HINKEL OLSON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:04/2/16

## SCHEDULE A

## LOAN DOCUMENTS

1. Facility Letter agreement between Lender and Borrower agreeing to a loan in the amount of $54,500,000.00, dated July 18, 2006.

2. Promissory Note made by Borrower, payable to Lender, in the principal amount of $54,500,000.00, dated July 20, 2006.

3. Mortgage and Security Agreement executed by Borrower in favor of Lender, dated July 20, 2006, and recorded in the Office of the Cook County Recorder of Deeds on July 31, 2006 as Document No. 0621243299.

4. Collateral Assignment and Security Agreement in Respect of Contracts, Licenses and Permits, executed by Borrower in favor of Lender, dated July, 2006

5. Security Agreement, given by Borrower in favor of Lender, dated July, 2006.

6. Officer's Certificate to Security Agreement, executed by Borrower, dated July, 2006.

7. Environmental Compliance and Indemnity Agreement given by Borrower and Guarantor in favor of Lender, dated July 20, 2006.

8. First Amendment to Facility Letter between Lender and Borrower, dated January 1, 2008.

9. First Amendment to Promissory Note executed by Lender and Borrower, dated January 1, 2008.

10. First Amendment to Mortgage and Security Agreement executed by Borrower in favor of Lender, dated September 11, 2008 and recorded in the Office of the Cook County Recorder of Deeds on September 11, 2008 as Document No. 0825503092.

11. Second Amendment to Facility Letter between Lender and Borrower, agreeing to increase the loan amount to $69,500,000.00, dated September 11, 2008.

12. Amended and Restated Promissory Note made by Borrower, payable to Lender, in the principal amount of $69,500,000.00, dated September 11, 2008.

13. Affidavit given by Garrett Kelleher regarding ownership of Borrower, dated December 29, 2008.

14. Third Amendment to Facility Letter between Lender and Borrower, dated April 27, 2009.

15. First Amendment to Amended and Restated Promissory Note executed by Lender and Borrower, dated April 27, 2009.

16. Forbearance Agreement between Lender and Borrower, dated April 21, 2010.

17. Subordination Agreement executed by Chicago Spire, LLC and by Shelbourne Lakeshore Limited in favor of Lender, dated April 21, 2010.

18. UCC-1 Financing Statement filed with the Cook County Recorder of Deeds on July 31, 2006 as Document No. 0621243300.

19. Loan Policy No. AC 0401511 issued by Chicago Title Insurance Company, with an effective date of July 31, 2006, including all right, title and interest in and to any and all claims previously or hereafter submitted under said policy.

20. Date Down Endorsement attached to Policy No. N01080780 issued by Near North National Title as issuing agent for Chicago Title Insurance Company, extending the effect date of the Loan Policy to September 11, 2008.

21. Non-Recourse Carve-Out Guaranty executed by Guarantor dated July 20, 2006.

22. Obligations Guaranty executed by Guarantor dated July 20, 2006.