## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| SHELBOURNE NORTH WATER STREET L.P., | Case No. 13-12652 (KJC) |
| Alleged Debtor. | **Hearing Date: TBD**<br>**Objection Deadline: TBD** |

## MOTION OF THE ALLEGED DEBTOR FOR ENTRY OF AN ORDER EXTENDING THE DEADLINES TO RESPOND TO THE INVOLUNTARY PETITION, THE SARE MOTION AND ANY MOTIONS OR PLEADINGS FILED PENDING DETERMINATION OF THE TRANSFER MOTION

Shelbourne North Water Street L.P. ("Shelbourne" or the "Alleged Debtor"), through its undersigned counsel, hereby submits this Motion of the Alleged Debtor for Entry of an Order Extending the Deadlines to Respond to the Involuntary Petition, the SARE Motion and Any Motions or Pleadings Filed Until After a Determination of the Transfer Motion Is Entered (the "Motion"). In support of the Motion, the Alleged Debtor respectfully represents as follows:

### BACKGROUND

1.      On October 9, 2013, RMW Acquisition Company, LLC ("RMW"); RMW CLP Acquisitions LLC ("RMW CLP"); Thornton Tomasetti, Inc. and Consentini Associates (collectively, the "Petitioning Creditors") filed an involuntary petition (the "Involuntary Petition") under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended or modified, the "Bankruptcy Code") against Shelbourne in the United States Bankruptcy Court for the District of Delaware (the "Delaware Bankruptcy Court"). No trustee or examiner has been appointed in this case. The deadline for the Alleged Debtor to file a responsive pleading is October 30, 2013 (the "Involuntary Response Deadline").

{993.001-W0028367.2}

2.      On October 17, 2013, the Petitioning Creditors filed the *Motion of Petitioning Creditors to Designate Proceeding as Single Asset Real Estate Case* [Docket No. 17] (the "SARE Motion"). Objections to the SARE Motion are due October 31, 2013. The SARE Motion is currently scheduled to be heard by the Court on November 14, 2013 (the "SARE Motion Deadline").

3.      On October 24, 2013, the Alleged Debtor filed the *Motion of the Alleged Debtor to Transfer Venue of this Case to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division Pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014* (the "Transfer Motion") asserting that the interests of justice and the convenience of the parties compel transfer of venue of this case to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Illinois Bankruptcy Court").

4.      Contemporaneously herewith, the Alleged Debtor filed the *Declaration of Garrett M. Kelleher* (the "Kelleher Declaration") in support of this Motion and the Transfer Motion. For additional information regarding the Alleged Debtor and its business operations, see the Kelleher Declaration, which is incorporated herein by reference.

5.      Prior to filing this Motion and the Transfer Motion, counsel to the Alleged Debtor requested that the Petitioning Creditors consent to transfer venue of this case and, if not, to agree to stay proceedings pending a determination on the Transfer Motion. The Petitioning Creditors summarily denied these requests.

## JURISDICTION

6.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.     The legal predicates for the relief requested herein are Bankruptcy Code section 105(a) and rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## RELIEF REQUESTED

8.     The Alleged Debtor respectfully requests that this Court enter an order, substantially in the form attached hereto, extending the applicable deadlines to file responsive pleadings to the Involuntary Petition, the SARE Motion and any other motion or pleading filed by any party in interest in this case (collectively, the "Response Deadlines") pending determination of the Transfer Motion pursuant to Bankruptcy Code section 105(a) and Bankruptcy Rule 9006(b). Specifically, the Alleged Debtor requests that the Response Deadlines be extended to a date either (a) ten (10) days after a decision denying the Transfer Motion or (b) to be fixed by the Illinois Bankruptcy Court if the Transfer Motion is granted.

## BASIS FOR RELIEF

9.     Section 105(a) of the Bankruptcy Code provides that "the court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. § 105(a). Bankruptcy Rule 9006(b)(1) further provides, in pertinent part, that:

> when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order.

Fed. R. Bankr. P. 9006(b)(1).[1]

---

[1] Pursuant to rule 9006-2 of the Local Rules for the United States Bankruptcy Court District of Delaware (the "Local Rules"), the filing of this Motion prior to the expiration of the Response Deadlines shall automatically extend such deadlines until the Court acts on this Motion without the necessity for the entry of a bridge order.

10.    This Motion is being filed prior to the expiration of the Response Deadlines. With regard to the Involuntary Response Deadline, Bankruptcy Rule 1011(b) requires an alleged debtor to file defenses and objections to the involuntary petition within twenty-one (21) days after service of the summons.  Here, the Involuntary Petition was filed and served on October 9, 2013 and, thus, the Alleged Debtor's response is due on October 30, 2013.  "Bankruptcy Rule 9006(b) permits a court to enlarge this time on request made before the expiration of the period originally prescribed...." *In re Shapiro*, 128 B.R. 328, 331 (Bankr. E.D.N.Y. 1991); *see also In re Albers*, 71 B.R. 39, 41 (Bankr. N.D. Ohio 1987) (stating that Rule 9006(b) is a general provision "applying to all Bankruptcy Rules not specifically excluded" and applying 9006(b) to determine whether to grant extension of time to file response to involuntary petition).

11.    Additionally, this Motion is being filed well in advance of the SARE Response Deadline.  Pursuant to the *Notice of Motion and Hearing Thereon* filed by the Petitioning Creditors, responses to the SARE Motion are not due until October 31, 2013 in accordance with the applicable Bankruptcy Rules and Local Rules.  Accordingly, this Motion complies with the requirements of Bankruptcy Rule 9006(b)(1).

12.    Although Bankruptcy Rule 9006(b) does not define "cause," it has been noted that a court should be liberal in granting extensions of time sought before the period to act has elapsed, as long as the moving party has not been negligent, dilatory, or acting in bad faith. *Collier on Bankruptcy* ¶ 9006.06 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

13.    Good and sufficient cause exists to extend the Response Deadlines.  The interests of judicial economy are served by extending the Response Deadlines to permit the parties and the court to consider the threshold question of what court should preside over this case.  Pending

a decision of the Transfer Motion, this Court should not consider defenses to the Involuntary Petition or the substantive relief requested in the SARE Motion.

14.    As explained more fully in the Transfer Motion and the Kelleher Declaration, this case belongs before the Illinois Bankruptcy Court.  The Alleged Debtor's sole asset, five contiguous parcels of real estate (the "Property"), and its books and records are located in Chicago.  Nearly all of the Alleged Debtor's creditors and potential witnesses are located in Illinois. Litigation to foreclose on the Property is currently pending in Illinois, which Petitioning Creditors RMW and RMW CLP are parties to.  Further, the resolution of any bankruptcy case likely will require extensive valuations of the Property and require experts familiar with the Chicago real estate market.

15.    The Alleged Debtor submits that the Petitioning Creditors will not be prejudiced by an extension of the Response Deadlines in light of the ongoing foreclosure litigation well underway in the Illinois courts, which was not stayed by the filing of the Involuntary Petition.

16.    Further, in the event the Response Deadlines are not extended and the Court grants the Transfer Motion, estate resources will be wasted responding to the Involuntary Petition and the SARE Motion in this Court and then litigating overlapping, if not the same, issues before the Illinois Bankruptcy Court.  As such, good and sufficient cause exists to extend the Response Deadlines.

## NOTICE

17.    Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) the Office of the United States Trustee; (ii) the Petitioning Creditors and (iii) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The

{993.001-W0028367.2}                                5

Alleged Debtor submits that, in light of the nature of the relief requested, no other or further notice is required.

18.     No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE,** the Alleged Debtor respectfully requests that the Bankruptcy Court enter the order, substantially in the form attached hereto: (a) extending the Response Deadlines pending a determination on the Transfer Motion and (b) granting such other relief as the Bankruptcy Court deems just and proper.

Dated: October 24, 2013          **LANDIS RATH & COBB LLP**
        Wilmington, Delaware

_____
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
919 North Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
           brown@lrclaw.com

*Counsel for Shelbourne North Water Street L.P.*