**EXHIBIT 1**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>SHELBOURNE NORTH WATER STREET,<br>L.P.,<br><br>Alleged Debtor. | Chapter 11<br><br>Case No. 13-12652 (KJC)<br><br>**Re: Docket Nos.  1, 17 and 20** |

## ORDER APPROVING STIPULATION REGARDING ORDER FOR
## RELIEF, VENUE TRANSFER AND SARE DESIGNATION

Upon consideration of the *Stipulation Regarding Order for Relief, Venue Transfer and SARE Designation* (the "Stipulation") attached hereto as "**Exhibit A**"; the Court having determined that good and adequate cause exists for approval of the Stipulation; the Court having determined that proper notice of the Stipulation has been given; and the Court having determined that no further notice of the Stipulation is necessary; it is hereby

ORDERED that the Stipulation is APPROVED; and it is further

ORDERED that the order for relief under Chapter 11 of the Bankruptcy Code[1] attached hereto as "**Exhibit B**" (the "Order for Relief"), and signed and entered contemporaneously herewith, is incorporated by reference herein; and it is further

ORDERED that the Venue Motion is GRANTED and the Bankruptcy Case is transferred to the Eastern Division of the Bankruptcy Court for the Northern District of Illinois; and it is further

---

[1] All capitalized terms not otherwise defined herein are ascribed the meaning given in the Stipulation.

ORDERED that the SARE Motion is GRANTED and the Bankruptcy Case is hereby designated a single asset real estate case within the meaning of Bankruptcy Code section 101(51B); provided, however, that notwithstanding the 90 days referred to in Bankruptcy Code section 362(d)(3), the Debtor shall have until March 10, 2014 to comply with Bankruptcy Code section 362(d)(3)(A) or (B); and it is further

ORDERED that if the Debtor does not file a plan of reorganization on or before March 10, 2014, its exclusive period to file a plan under Bankruptcy Code section 1121 shall automatically terminate without further court order or further action by any Party; and it is further

ORDERED that, subject to the rights of the Parties set forth in the next paragraph, the Petitioning Creditors shall not, before March 10, 2014, move to terminate or shorten the time periods under Bankruptcy Code section 1121 in which the Debtor maintains the exclusive right to file a plan and seek confirmation thereof; and it is further

ORDERED that, with respect to any plan of reorganization filed by the Debtor from and after the date of entry of the Order for Relief, the Petitioning Creditors' respective rights to object, contest, or otherwise challenge the plan so filed by the Debtor, whether under Bankruptcy Code section 362(d)(3) or otherwise, including the right to seek authority to immediately file a competing plan of  reorganization or liquidation, are preserved in their entirety, provided, however, that all such rights of the Petitioning Creditors shall be subject to all objections and defenses available to the Debtor, none of which are waived or modified hereby; and it is further

ORDERED that the Petitioning Creditors shall not move for the appointment of a trustee under Bankruptcy Code section 1104 on or before March 10, 2014; provided, however, each of the Petitioning Creditors shall have the right to move for the appointment of a trustee for cause,

as such term is defined in Bankruptcy Code section 1104 with respect to acts, if any, occurring

subsequent to the entry of the Order for Relief and alleged to constitute such cause, <u>provided</u>,

<u>further</u>, <u>however</u>, that such rights of the Petitioning Creditors shall be subject to all objections

and defenses available to the Debtor, none of which are waived or modified hereby; and it is

further

ORDERED that unless otherwise specifically provided for in this Order or the

Stipulation, all of the rights, claims, remedies, objections, and defenses of the Parties, whether

under the Bankruptcy Code or at law or in equity are preserved in their entirety and are not

affected by this Order or the Stipulation; and it is further

ORDERED that this order shall be fully effective and enforceable immediately upon

entry.

Dated:  November ___, 2013
        Wilmington, Delaware
                                        _____
                                        THE HONORABLE KEVIN J. CAREY
                                        UNITED STATES BANKRUPTCY JUDGE

**<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SHELBOURNE NORTH WATER STREET,<br>L.P.,<br><br>　　　　　　　　　　Alleged Debtor. | Chapter 11<br><br>Case No. 13-12652 (KJC)<br><br>**Re: Docket Nos.  1, 17 and 20** |

**STIPULATION REGARDING ORDER FOR RELIEF,**
**VENUE TRANSFER AND SARE DESIGNATION**

On this 8th day of November 2013, for and in consideration of the mutual promises, covenants, and agreements set forth herein, (i) Shelbourne North Water Street, L.P., (the "Debtor" or "Alleged Debtor"), and (ii) the Petitioning Creditors[1] (together, the "Parties") hereby stipulate (the "Stipulation") and agree as follows:

**RECITALS**

WHEREAS, on October 9, 2013, the Petitioning Creditors filed an involuntary petition (the "Involuntary Petition") [D.I. 1] under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court") against the Alleged Debtor, thereby commencing the above captioned involuntary bankruptcy case whereby the Petitioning Creditors sought the entry of an order for relief against the Alleged Debtor under chapter 11 of the Bankruptcy Code (the "Bankruptcy Case"); and

---

[1]　　　　The "Petitioning Creditors" are RMW Acquisition Company, LLC, RMW CLP Acquisitions LLC, Thornton Tomasetti, Inc., and Cosentini Associates.

WHEREAS, on October 17, 2013, the Petitioning Creditors filed a *Motion of Petitioning Creditors to Designate Proceeding as Single Asset Real Estate Case* (the "SARE Motion") [D.I. 17]; and

WHEREAS, on October 24, 2013, the Alleged Debtor filed its *Motion of the Alleged Debtor to Transfer Venue of this Case to the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division Pursuant to 28 U.S.C. § 1412 and Bankruptcy Rule 1014* (the "Venue Motion") [D.I. 20]; and

WHEREAS, the Parties have met and conferred and determined to resolve the Involuntary Petition, the SARE Motion and the Venue Motion on the terms set forth below.

NOW THEREFORE, to resolve the Involuntary Petition, the SARE Motion and the Venue Motion, and to avoid further litigation of issues related thereto, in consideration of the foregoing, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and each of the Parties intending to be legally bound by this Stipulation, the Parties, through their undersigned counsel, hereby agree and stipulate, subject to the approval of the Court, as follows:

1.      The recitals set forth above are incorporated herein by reference.

2.      The Alleged Debtor consents to the Court's entry of an order for relief under Chapter 11 of the Bankruptcy Code.

3.      The Petitioning Creditors consent to transfer venue of the Bankruptcy Case to the Bankruptcy Court for the Northern District of Illinois, Eastern Division.

4.      The Alleged Debtor consents to the entry of an order designating the Bankruptcy Case as a single asset real estate case, as defined in Bankruptcy Code section 101(51B); provided, however, that the Petitioning Creditors agree that notwithstanding the 90

days referred to in Bankruptcy Code section 362(d)(3), Alleged Debtor shall have until March 10, 2014 to comply with Bankruptcy Code section 362(d)(3)(A) or (B).

5.     The Debtor agrees that if it does not file a plan of reorganization on or before March 10, 2014, its exclusive period to file a plan under Bankruptcy Code section 1121 shall automatically terminate without further court order or further action by any Party;

6.     Subject to the rights of the Parties under paragraph 7 hereof, the Petitioning Creditors shall not (a) move to terminate or shorten the Debtor's exclusive periods to file a plan and seek confirmation thereof under Bankruptcy Code section 1121 or (b) solicit or encourage any entity to move to terminate or shorten the Debtor's exclusive periods (or participate in any such motion by another entity) on or before March 10, 2014.

7.     With respect to any plan of reorganization or liquidation filed by the Debtor from and after the date of the entry of the order for relief, each of the Petitioning Creditors' respective rights to object, consent or otherwise challenge the plan so filed by the Debtor, whether under Bankruptcy Code section 362(d)(3) or otherwise, including the right to immediately seek authority to a file a competing plan of reorganization or liquidation, are preserved in their entirety provided, however, that all such rights of the Petitioning Creditors shall be subject to all objections and defenses available to the Debtor, none of which are waived or modified hereby.

8.     The Petitioning Creditors shall not (a) move for the appointment of a trustee under Bankruptcy Code section 1104 or (b) solicit or encourage any entity to move for the appointment of a trustee (or participate in any such motion by another entity) on or before March 10, 2014; provided, however, each of the Petitioning Creditors individually shall be entitled to move for appointment of a trustee for cause, as such term is defined in Bankruptcy

Code section 1104 with respect to acts, if any, occurring subsequent to the entry of the Order for Relief and alleged to constitute such cause; provided, further, however, that such rights of the Petitioning Creditors shall be subject to all objections and defenses available to the Debtor, none of which are waived or modified hereby.

9.      Unless otherwise specifically provided therein, all the rights, claims, remedies, objections, and defenses of the Parties hereto, whether under the Bankruptcy Code or at law or in equity, are preserved in their entirety and are not affected whatsoever by this Stipulation or an order approving this Stipulation.

10.      This Stipulation constitutes the entire agreement between the Parties hereto with respect to the relief sought in the Involuntary Petition, the SARE Motion and the Venue Motion.   All representations, warranties, promises, inducements, or statements of intention made by the Parties hereto are embodied in this Stipulation, and no party hereto shall be bound by, or liable for, any alleged representation, warranty, inducement, or statement of intention that is not expressly embodied herein.

11.      This Stipulation shall be deemed to have been jointly drafted by the Parties, and in construing and interpreting this Stipulation, no provision shall be construed and interpreted for or against any of the Parties because such provision or any other provision of the Stipulation as a whole is purportedly prepared or requested by such party.

12.      This Stipulation may be signed in counterparts, each of which, taken together, shall be one and the same document.  Signatures delivered by facsimile or e-mail shall be acceptable and deemed binding as if originals.

**LANDIS RATH & COBB LLP**

*/s/ Adam G. Landis*
Adam G. Landis (No. 3407)
Kimberly A. Brown (No. 5138)
919 North Market Street, Suite 1800
Wilmington, DE 19801
Telephone: (302) 467-4400
Facsimile: (302) 467-4450
Email: landis@lrclaw.com
        brown@lrclaw.com


***Counsel for Alleged Debtor***

**RICHARDS, LAYTON & FINGER, PA**

*/s/ Zachary I. Shapiro*
Russell C. Silberglied (No. 3462)
Zachary I. Shapiro (No. 5103)
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone: (302) 651-7700
Facsimile: (302) 651-7701

    -and-

**HAYNES AND BOONE, LLP**
30 Rockefeller Plaza, 26th Floor
New York, New York 10112
Telephone: (212) 659-7300
Facsimile: (212) 918-8989
Lenard M. Parkins (*pro hac vice*)
Lawrence Mittman (*pro hac vice*)
Trevor R. Hoffmann (*pro hac vice*)
Jonathan Hook (*pro hac vice*)
John Beck (*pro hac vice*)

***Counsel for Petitioning Creditors***

**<u>EXHIBIT B</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SHELBOURNE NORTH WATER STREET, L.P.,<br><br>Debtor. | Chapter 11<br><br>Case No. 13-12652 (KJC) |

## <u>ORDER FOR RELIEF IN AN INVOLUNTARY CASE</u>

On consideration of the petition filed on October 9, 2013 against the above-named debtor

and the Stipulation Regarding Order for Relief, Venue Transfer and SARE Designation executed

by the Parties and approved by this Court, an order for relief under chapter 11 of the Bankruptcy

Code (title 11 of the United States Code) is granted and entered effective as of the date this order

is entered upon the docket in this case.

**SO ORDERED**.

Dated: November ___, 2013
        Wilmington, Delaware

                                      _____
                                        THE HONORABLE KEVIN J. CAREY
                                        UNITED STATES BANKRUPTCY JUDGE